IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

VALERI JAQUES,

       Plaintiff,     Case No. 3:05 CV 7197

-vs-

                 MEMORANDUM OPINION
LEE HERBERT, etc.,          AND ORDER

       Defendant.

KATZ, J.

The Court today addresses three motions in this case: (1) Plaintiff's motion for additional discovery and for leave to supplement her summary judgment response (Doc. No. 114), to which the Defendant Union and Defendant DaimlerChrysler have responded (Doc. Nos. 127, 130), and Plaintiff has replied (Doc. No. 134); (2) Plaintiff's unopposed motion for leave to file late her memorandum opposing Defendants' motions for summary judgment and to file corrected tables of contents (Doc. No. 117); and (3) Plaintiff's motion to remove the "confidential" designation from documents DaimlerChrysler has produced naming women who have filed confidential sexual harassment complainants (Doc. No. 119), to which DaimlerChrysler has responded (Doc. No. 129).

The Court grants Plaintiff's motion to file her memorandum late and to file revised tables of contents, but denies Plaintiff's motions for additional discovery and to remove the confidential designation. The Court will address the parties' pending cross-motions for summary judgment and Plaintiff's motion to strike in a separate opinion.

## BACKGROUND

Plaintiff filed this lawsuit in April of 2005, setting forth, *inter alia*, claims of sexual harassment against Defendants DaimlerChrysler, United Autoworkers of America Local 12, and Lee

Herbert. On September 2, 2005, Plaintiff asked DaimlerChrysler, by way of interrogatory, for the name, title, address, and phone number of every woman who complained about discrimination or harassment between 1997 and the present. Plaintiff agreed to extend DaimlerChrysler's time to respond to October 27, 2005; however, DaimlerChrysler did not timely produce the information.

Plaintiff sought and this Court held a conference to resolve this discovery dispute, on December 12, 2005. The Court determined that DaimlerChrysler's response to the interrogatory should be limited to complaints at the North Cove plant from 1997 to 2001. The Court extended the discovery deadline to January 31, 2006, and extended the dispositive motion deadline to February 28, 2006.

On December 29, 2005, Plaintiffs issued a new interrogatory seeking information on complaints made from 2000 to the present. By the close of discovery on January 30, 2006, DaimlerChrysler had not responded to either interrogatory. Plaintiff did not seek a discovery conference with the Court in accordance with Local Rule 37.1, did not file a motion to compel under Federal Rule of Civil Procedure 37, or move to extend the discovery deadline. In February, DaimlerChrysler produced a list of complainants, which it supplemented with updated information in March, when several complainants' addresses turned out to be outdated. DaimlerChrysler marked the documents "confidential" under the parties' stipulated protective order.

On February 28, 2006, the deadline for filing dispositive motions, each of the Defendants filed a motion for summary judgment, addressing Plaintiff's sex discrimination claims. On the same date, Plaintiff filed her own motion for summary judgment on several issues, including sex discrimination.

Then, on March 23, 2006, Plaintiff responded to Defendants' motions and, separately, filed a motion under Federal Rule of Civil Procedure 56(f) for leave to conduct additional discovery

2

regarding the other sex-discrimination complainants that DaimlerChrysler disclosed, and, if necessary, to supplement her response to Defendants' summary judgment motions. Plaintiff accompanied her motion with an affidavit, as Rule 56(f) requires, in which her attorney states that Plaintiff lacks the information she seeks because of DaimlerChrysler's repeated delays in producing it, and that without the additional discovery, Plaintiff will be "highly prejudiced in her ability to secure all of the information about the hostile environment and to show knowledge of that hostile environment by Defendants." (Doc. No. 115-1, ¶ 8).

### DISCUSSION

*A. Rule 56(f) Motion for Additional Discovery*

A party opposing a motion for summary judgment may request that the Court postpone ruling on the motion and permit further discovery, where the party by affidavit shows that it cannot present "facts essential to justify the party's opposition." *See* Fed. R. Civ. P. 56(f). The Rule 56(f) movant "has no absolute right to additional time for discovery," and "must show how postponement of a ruling on the motion will enable [her] to rebut the motion for summary judgment." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 409 (6th Cir. 1998).

"Rule 56(f) is not a substitute for diligently pursuing discovery." *Schaffer ex rel. Schaffer v. A.O. Smith Harvestore Prods.*, 74 F.3d 722, 732 (6th Cir. 1996) (internal quotation omitted). "Where the full period for pretrial discovery has run its course, a party should generally be precluded from reopening discovery months after it has closed in a last-ditch attempt to salvage a deficient claim or defense." *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1114 (6th Cir. 2001).

Additionally, filing a cross-motion for summary judgment prior to or contemporaneously with a Rule 56(f) motion "constitute[s] an acknowledgment by the plaintiff that [s]he ha[s] sufficient knowledge of the situation, then and there, to justify asking the court to enter summary judgment in

[her] favor," and "almost invariably indicates that the moving party was not prejudiced by a lack of discovery." *Filiatrault v. Comverse Tech., Inc.*, 275 F.3d 131, 138 (1st Cir. 2001); *see also Rodriguez-Cuervos v. Wal-Mart Stores, Inc.*, 181 F.3d 15, 23 (1st Cir. 1999) ("Ordinarily, a party may not attempt to meet a summary judgment challenge head-on but fall back on Rule 56(f) if its first effort is unsuccessful.") (internal quotation omitted).

Finally, Courts have found Rule 56(f) motions premised on the opposing party's lack of cooperation during discovery, or upon unsubstantiated allegations that witnesses will not cooperate due to fear of retaliation by the opponent, to be unpersuasive. *Reyes v. Wilson Mem. Hosp.*, 102 F. Supp. 2d 798, 825 (S.D. Ohio 1998) ("The Plaintiff's explanation for the untimeliness--that the Defendant did not turn over certain evidence--is unpersuasive. . . . Since the filing of the Defendants' Motion in November, 1997, the Plaintiff has not sought any order from this Court compelling the Defendants to turn over any documents."); *E. Ky. Cardiothoracic Surgery, P.S.C. v. Ashland Hosp. Corp.*, 119 Fed. Appx. 715, 718 (6th Cir. 2004).

Here, Plaintiff's Rule 56(f) motion and affidavit make a paltry showing of the way in which the discovery she seeks will enable her to rebut Defendants' motions for summary judgment. She explains that she has been "prejudiced" in her ability to secure "all of the information" about a hostile environment at DaimlerChrysler, and about Defendants' knowledge thereof. She fails, however, to describe how that information is necessary to create a genuine issue of material fact as to her own sex discrimination claim. She does not link in any way the evidence sought to the Defendants' summary judgment motions. Rule 56(f) exists to provide a party the opportunity to obtain "essential" facts. Plaintiff's Rule 56(f) affidavit establishes, at best, that her attorney believes the evidence sought would be helpful, but it does not appear from that affidavit that the information is essential.

4

Moreover, Plaintiff failed to diligently pursue the information during the discovery period. Though DaimlerChrysler had not produced all of the information Plaintiff sought by the discovery deadline, which the Court had extended, Plaintiff let the deadline pass without seeking an extension, asking for another discovery conference, or filing a motion to compel under Rule 37. Plaintiff was aware of the nature of her claims and of the means for proving them, and, therefore, she undoubtedly knew the significance of the absent discovery to her case all the while. Yet she did not raise the issue until nearly a month after Defendants had filed their motion for summary judgment and nearly two months after the extended discovery deadline had passed. DaimlerChrysler's foot-dragging did not preclude Plaintiff from taking any of the above steps to secure the discovery she now seeks. Plaintiff's lack of diligence during the discovery period counsels against granting her Rule 56(f) motion.

Additionally, Plaintiff has filed an opposition to Defendants' summary judgment motions, and has also filed her own motion for summary judgment as to several of her claims, including sex discrimination. These filings indicate that not only does Plaintiff feel that she already has enough evidence to create a genuine issue of material fact, but that she believes the evidence is such that no jury could fail to find in her favor on that claim. As in the First Circuit cases cited above, the Court finds it difficult to understand how Plaintiff has been prejudiced, under those circumstances. Rule 56(f) is designed to aid those who, because they somehow lacked the opportunity for discovery, cannot file a response to a motion for summary judgment, and therefore need more time to discover facts essential to a response. Plaintiff *has* responded. The information sought cannot be "essential."

Finally, Plaintiff's claims that witnesses have been uncooperative because they fear retaliation is insufficient to justify granting the Rule 56(f) motion, and, in any event, is nothing more than unsubstantiated speculation by Plaintiff's counsel, based on her experience litigating "50 or

5

more of these types of cases." (Doc. No. 115-1, ¶ 6). Plaintiff has presented no evidence of witness intimidation in this case, and this Court finds none. Plaintiff's Rule 56(f) motion will be denied.

*B. Motion to Remove "Confidential" Designation*

Plaintiff asks the Court to remove the "confidential" designation from DaimlerChrysler's supplemental answer to Plaintiff's interrogatory about other discrimination complainants. The response at issue contains a list of women who complained about discrimination. DaimlerChrysler designated it "confidential" under the parties' Stipulated Protective Order of August 12, 2005. DaimlerChrysler claims the confidential designation is necessary to protect the privacy of the women, who were told their complaints would be treated as confidential.

Plaintiff cites to several authorities supporting the general rule that court proceedings should be open to public scrutiny. *See, e.g.*, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177-79 (6th Cir. 1983), *cert. denied*, 465 U.S. 1100 (1984)). However, "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983) (citing *Brown & Williamson*, 710 F.2d at 1179 (6th Cir. 1983)).

Here, the privacy of the non-party sexual-discrimination complainants heavily outweighs the public interest in open records. The discovery response contains the women's identifying information – their first and last names – and reveals that they were or believed themselves to be victims of sexual discrimination and that they complained about it. However, the women were assured at the time that their complaints would remain confidential. This guarantee includes the mere fact that they filed complaints in the first place. Additionally, as DaimlerChrysler points out, revealing the complainants' identities risks chilling future complaints. The Court can discern no public benefit from removing the "confidential" designation, and Plaintiff's motion will be denied.

6

*C. Motion to File Late and to File Corrected Tables of Contents*

Plaintiff's unopposed motion for leave to file her memorandum in opposition to Defendants' motion for summary judgment seven minutes late and to file therewith amended tables of contents is granted.

## CONCLUSION

In light of the foregoing, Plaintiff's motion for leave to file late her memorandum opposing Defendants' motions for summary judgment and to file corrected tables of contents (Doc. No. 117) is granted. Plaintiff's motion for additional discovery and for leave to supplement her summary judgment response (Doc. No. 114), and her motion to remove the "confidential" designation from documents DaimlerChrysler has produced naming women who have filed confidential sexual harassment complainants (Doc. No. 119), are denied.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE